United States Courts
Southern District of Texas
ENTERED

OCT 1 9 2005

Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff-Respondent, | § | |
| | § | |
| V. | § | CRIMINAL ACTION NO. H-86-309 |
| | § | CIVIL ACTION NO. H-05-623 |
| KYLE B. ZWACK, | § | |
| | § | |
| Defendant-Movant | § | |

# MEMORANDUM AND RECOMMENDATION

Before the Magistrate Judge in this federal habeas corpus proceeding pursuant to 28 U.S.C. § 2255 is Movant Kyle B. Zwack's § 2255 Motion to Vacate, Set Aside or Correct Sentence (Document No. 160),[1] Motion for Summary Judgment (Document No. 163), and Motion for Change of Venue (Document No. 170), the United States' Answer and Motion to Dismiss (Document Nos. 165 & 166), and Movant's Response to the Government's Motion to Dismiss (Document No. 171). After reviewing Movant's § 2255 Motion, Motion for Summary Judgment, and Motion for Change of Venue, the Government's Answer and Motion to Dismiss, and Movant's Response thereto, the record of the proceedings before the District Court in the underlying criminal case, and the applicable case law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that the Government's Motion to Dismiss (Document No.166) be GRANTED, that Movant's Motion to Vacate, Set Aside, or Correct Sentence (Document No. 160) be DENIED, that Movant's Motion for Summary Judgement (Document No. 163) be DENIED, that Movant's Motion for Change of Venue

---

[1] Kyle B. Zwack's Motion to Vacate, Set Aside or Correct Sentence can be found at Document No. 1 in Civil Action H-05-623 and at Document No. 160 in Criminal Action No. H-86-309. References hereafter will be to the Criminal Document numbers unless otherwise indicated.

(Document No. 170) be DENIED, and that this § 2255 proceeding be DISMISSED as time barred.

## I.     Procedural History

Movant Kyle Zwack ("Zwack"), who is currently in the custody of the United States Bureau of Prisons, is seeking federal habeas corpus relief under 28 U.S.C. § 2255. This is Zwack's first attempt at § 2255 relief.

Zwack was charged in an Indictment with assaulting a federal officer with a deadly weapon, in violation of 18 U.S.C. § 111 (count one), use of a deadly weapon, in violation of 18 U.S.C. § 924(c) (count two), and felon in possession of a firearm, in violation of 18 U.S.C. § 1201(a)(1) (count three). (Document No. 1). Zwack was found guilty by a jury on all counts on October 28, 1988. (Document No. 101). On December 19, 1988, Zwack was sentenced to a ten year term of imprisonment on count one, a five year term of imprisonment on count two, and a two year term of imprisonment on count three, with all sentences to run consecutive, and which sentences were to be served consecutively to a previously imposed state sentence (Document No. 122). Judgment was entered on January 12, 1989. (Document No. 124). Zwack appealed his conviction to the Fifth Circuit Court of Appeals. The Fifth Circuit, unpersuaded by Zwack's contentions, affirmed Zwack's conviction and sentence in an unpublished opinion on November 22, 1989. *United States v. Zwack*, (No. 89-2025), 891 F.2d 903 (5th Cir. 1989) (Table). Zwack did not file a petition for writ of certiorari with the United States Supreme Court. The 90 day period for filing a petition for writ of certiorari with the Supreme Court expired on February 20, 1990. SUP. CT. R. 13 ("The time to file a petition for writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance of the mandate."). As such, Zwack's judgment and conviction

became final on February 20, 1990.

On February 23, 2005, Zwack filed a § 2255 Motion to Vacate, Set Aside or Correct Sentence (Document No. 160), and a Motion for Summary Judgment (Document No. 163). The Government has answered and has moved to dismiss the instant action as time-barred. (Document No. 166). Zwack has responded to the Government's Motion to Dismiss. (Document No. 171). In addition, Zwack filed a Motion for Change of Venue (Document No. 170), in which he requests that the instant § 2255 motion be transferred to Rochester, Minnesota, where he is currently incarcerated. According to Zwack, because his parents and expert witnesses from the Dunn Psychiatric Facility are nearby it would be easier to pursue this § 2255 motion in Minnesota, where he now resides, rather than in the Southern District of Texas, Houston Division, where he was convicted. This § 2255 proceeding is ripe for ruling.

## II. Issue Presented

Zwack claims that the waiver of his right to counsel was not made knowingly and intelligently. He further claims ineffective assistance of appellate counsel. According to Zwack, his appellate counsel failed to raise this waiver claim on direct appeal.

## III. Discussion

### A. Zwack's § 2255 motion is time barred

The United States argues that Zwack's § 2255 Motion to Vacate, Set Aside or Correct Sentence should be dismissed because it is time barred. On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted. With the enactment of AEDPA, 28

U.S.C. § 2255 now specifically provides for a one-year statute of limitations:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. "[F]ederal prisoners challenging convictions of sentences that became final prior to the AEDPA's effective date are accorded one year after the effective date of the AEDPA to file for relief under § 2255." *United States v. Patterson*, 211 F.3d 927, 929 (5th Cir. 2000); *United States v. Flores*, 135 F.3d 1000, 1005 (5th Cir. 1998), *cert. denied*, 525 U.S. 1091 (1999). Motions "filed on or before April 24, 1997, are timely." *See Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998). Therefore, prisoners such as Zwack, whose convictions became final before the effective date of the AEDPA had until April 24, 1997, to timely file a § 2255 motion. Here, because Zwack's conviction became final on February 20, 1990, he had until April 24, 1997, to file a § 2255 motion.

The docket sheet shows that Zwack filed his § 2255 motion on February 23, 2005, more than seven years and two months after the expiration of the limitations deadline. Under these circumstances, Zwack's motion is untimely under § 2255(1), and is subject to dismissal absent a

showing that an alternate date for commencement of the limitations period should be applied under § 2255(2)-(4) or that the limitations period should be equitably tolled. None of the alternate provisions for the commencement of the limitations period applies. Zwack has not alleged that he was in any way impeded from filing a timely § 2255 motion. Zwack has also not alleged a claim that is based on a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. Finally, Zwack has not shown that the facts underlying his claims could not have been discovered through the exercise of due diligence by the time his conviction was final.

As for the applicability of equitable tolling, rare and exceptional circumstances may warrant the application of equitable tolling principles to a late filed § 2255 motion to vacate, set aside or correct sentence. *United States v. Patterson*, 211 F.3d 927 (5th Cir. 2000). Equitable tolling, however, is not available if the petitioner does not act diligently in attempting to meet the one year limitations deadline. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000). In addition, the Fifth Circuit has approved of equitable tolling in very limited circumstances, "'principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002) (quoting *Coleman*, 184 F.3d at 402); *See also Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1999), *cert. denied*, 526 U.S. 1074 (1999) (Inconsistent ruling by the district court constituted exceptional circumstances which warranted the application of equitable tolling principles); *United States v. Patterson*, 211 F.3d 927 (5th Cir. 2000) (Rare and exceptional circumstances existed to warrant equitable tolling where the Movant was under mistaken impression as to filing deadline, where that mistaken impression was furthered by the District Court); *United*

*States v. Wynn*, 292 F.3d 226, 230 (5${}^{th}$ Cir. 2002) (remanding case for rehearing on equitable tolling where the petitioner alleged "he was deceived by his attorney into believing that a timely § 2255 motion had been filed on his behalf"). In contrast, the Fifth Circuit has disapproved of the application of equitable tolling for circumstances which are "garden variety claims of excusable neglect." *Lockingbill v. Cockrell,* 293 F.3d 256, 265 (5${}^{th}$ Cir. 2002).   Here, Zwack has provided no basis for equitably tolling of the statutory period of limitations. Given the absence of any facts in the record that would constitute a rare or exceptional circumstance, equitable tolling of the limitations period is not available. Moreover, given that this proceeding should be dismissed as time-barred, Zwack's Motion for Change of Venue should be DENIED.

## V. Conclusion and Recommendation

Based on the foregoing, and the conclusion that Zwack's § 2255 motion was not timely filed and that equitable tolling is not available, it is

RECOMMENDED that the Government's Motion to Dismiss (Document No. 166) be GRANTED, that Movant Kyle B. Zwack's § 2255 Motion to Vacate, Set Aside or Correct Sentence (Document No. 160) and Motion for Change of Venue (Document No. 170) both be DENIED, and that this § 2255 proceeding be DISMISSED as time barred.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within 10 days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), Fed.R.Civ.P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir.

1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the ten day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk, P.O. Box 61010, Houston, Texas 77208.

Signed at Houston, Texas, this 17th day of October, 2005.

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE