# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, } | |
| *Plaintiff-Respondent* } | |
| } | |
| v. } | CRIMINAL ACTION NO. H-86-309 |
| } | CIVIL ACTION NO. H-05-623 |
| KYLE BRIAN ZWACK, } | |
| *Defendant-Petitioner* } | |

## MEMORANDUM AND ORDER

Presently before the Court are Petitioner Kyle Brian Zwack's *pro se* Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 160), Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 filed by retained counsel (Doc. 175), and Petitioner's Memorandum in Support of his Motion to Vacate under 28 U.S.C. § 2255. (Doc. 176). Also pending are Petitioner's Motion for Summary Judgment (Doc. 163), the United States's Answer and Motion to Dismiss (Docs.165, 166), Petitioner's Motion to Change Venue (Doc. 170), Petitioner's Traverse to the Motion to Vacate pursuant to 28 U.S.C. § 2255 (Doc. 171), and the Magistrate Judge's Memorandum and Recommendation (Doc. 172).

Petitioner has failed to comply with the statute of limitations in 28 U.S.C. § 2255; therefore, his Motions to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 are time-barred. To the extent that petitioner seeks equitable tolling of the limitations period because of his mental illness, he fails to show that such illness prevented him from filing a petition for writ of habeas corpus from 1996 to 1997.[1] *See Zwack v. State of Texas and the United States*, No.4:04cv711 (S.D.

---

[1] Petitioner's history as outlined in attachment C to his memorandum shows that from 1995 until 2005, he was placed on Risperdal, a drug which in combination with other medications has proven to be an effective treatment for his mental illness. (Doc. 176, page 3). During this time, he was incarcerated at Oak Parks Heights Prison in Minnesota, where therapy and medication enabled him to participate in college classes and other activities. (*Id.*, page 9).

Tex. Mar. 11, 2004) (noting that "[a]ny suggestion that Zwack was prevented from filing a habeas corpus petition because of mental illness is unavailing").  Petitioner also fails to show any entitlement to statutory tolling pursuant to 28 U.S.C. 2255.[2]

Accordingly, Petitioner's Motions to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 are **DENIED**, the Government's motion to dismiss is **GRANTED**, and this action is **DISMISSED WITH PREJUDICE**.  The Court **ADOPTS** the Magistrate Judge's Memorandum and Recommendation in full.

Petitioner's Motions for Summary Judgment (Doc. 163) and to Change Venue (Doc. 170) are **DENIED**.  Petitioner's Motion to Proceed *In Forma Pauperis* (Doc. 173) is **DENIED**, as moot.  Petitioner's Motion for Kyle D. White to Appear *Pro Hac Vice* (Doc. 174) is **GRANTED**.  All other pending motions, if any, are **DENIED**.

**SIGNED** at Houston, Texas, this 27th day of July, 2006.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE

---

[2] Petitioner does not rely on a new rule of constitutional law and he fails to state a factual predicate that could not have been discovered previously through the exercise of due diligence.